**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ARMANDO DONOSO COLMENERO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2339-J** |
| | ) | |
| **WARDEN of the Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# ORDER

Before the Court is Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus, Doc. 14, to which Petitioner timely responded, Doc. 17. In their motion, Respondents allege Petitioner "has requested and been granted a custody redetermination hearing which is the appropriate relief under *Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)." Doc. 14 at 1. In response, Petitioner asserts that while "a custody redetermination hearing was scheduled," the "hearing was not decided on the merits" and the custody redetermination request was withdrawn. Doc. 17 at 3; *see also* Doc. 14-4 (audio recording from custody redetermination hearing indicating request was withdrawn); Doc. 14-5 at 1 (Immigration Judge order indicating request was withdrawn). Accordingly, Petitioner asserts he has not "received any substantive review of his detention." Doc. 17 at 4.

In the audio recording of the hearing provided as Exhibit 4 to Respondents' motion, the Immigration Judge states (1) Petitioner only gets one custody redetermination, (2) his counsel had not submitted evidence in support of a custody redetermination at the time of the hearing, and (3) he may withdraw his current custody redetermination request to pursue

a custody redetermination where he submits evidence in support of his custody redetermination. Doc. 14-4.

To consider Respondents' Motion to Dismiss, the Court needs additional information. As a result, the parties shall file supplemental briefs **not later than October 16, 2026**, addressing the following:

1. Both parties shall address whether, after withdrawing the custody redetermination request on September 16, 2026, Petitioner sought another custody redetermination hearing with the Immigration Court.

2. If Petitioner has not sought another custody redetermination hearing, he shall address whether he intends to do so.

3. Respondents shall address whether they would oppose a new custody redetermination hearing at which an Immigration Judge would make a substantive decision regarding Petitioner's detention if he requests one with the Immigration Court.

**IT IS SO ORDERED** this 8th day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE