**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ARMANDO DONOSO COLMENERO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2339-J** |
| | ) | |
| **WARDEN of the Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Armando Donoso Colmenero, a noncitizen[1] and Mexican national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule. Doc. 7. Respondents filed a Motion to Dismiss, Doc. 14, and Petitioner responded, Doc. 17. At the Court's direction, the parties timely filed supplemental briefs addressing Petitioner's status as to a bond hearing. Docs. 19, 20. The Petition is at issue.

For the reasons below, the undersigned recommends the Court deny the Motion to Dismiss. The undersigned further recommends the Court grant the Petition in part and

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

## I. **Background**

Petitioner, a citizen of Mexico, entered the United States without inspection approximately 27 years ago, when he was 15 years old. Pet. at 3-4; Doc. 14-1 at 1 (Notice to Appear). On July 14, 2026, local police officers in Dallas, Texas encountered Petitioner on a traffic stop. Pet. at 5-6. He was later transferred to ICE custody, where he remains. *Id.* Also on July 14, 2026, ICE placed Petitioner into removal proceedings before the Immigration Court under 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 14-1 at 1.

Petitioner filed his Petition on September 1, 2026. Pet. at 1. On September 9, 2026, he requested that an Immigration Judge ("IJ") review his custody determination. Mot. at 2; Doc. 14-2 at 1 (Notice of Custody Determination). At a scheduled bond hearing before an IJ on September 16, 2026, Petitioner appeared with counsel but withdrew his request for the bond hearing.[2] Doc. 14-5 (Order of IJ). On September 17, 2026, Respondents filed a Motion to Dismiss, arguing Petitioner was already granted "the requested relief" of a bond hearing but "failed to take advantage of such relief by being unprepared for the

---

[2] At the hearing, the IJ stated (1) Petitioner only gets one custody redetermination, (2) his counsel had not submitted evidence in support of a custody redetermination at the time of the hearing, and (3) he may withdraw his current custody request to pursue a custody redetermination where he submits evidence in support of his custody redetermination. Doc. 16.

requested hearing." Mot. at 4. Respondents contended in the Motion that "Petitioner is entitled to no further remedy from this Court." *Id.*

On October 8, 2026, the Court ordered the parties to file supplemental briefing on the status of any bond hearing for Petitioner. Doc. 18. Respondents advised "the proper procedure would be for the Petitioner to file a new custody redetermination request through the proper EOIR channels," and "Respondents would have no intent to oppose such a request, or basis for such opposition, since there has been no substantive finding at this point in the proceedings." Doc. 19 at 1-2. Petitioner advised that he "intends to file a new custody redetermination request with the Immigration Court as soon as practicable." Doc. 20 at 3. Since supplemental briefing on October 16, 2026, the parties have provided no additional information to the Court about a newly scheduled bond hearing or the result of such hearing.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 4. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 30, 2026). Petitioner's immigration proceedings are ongoing. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Oct. 30, 2026).

## II. Petitioner's Claims

Petitioner asserts two counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention under 8 U.S.C. § 1225(b)(2) violates the INA and *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) because § 1225(b)(2) does not apply to those noncitizens, like him, who previously entered the country and

have been residing in the United States for years before apprehension and placement in removal proceedings. Pet. at 7-8.

- **Count II: Violation of Due Process**. Petitioner alleges his continued detention without an individualized bond redetermination hearing violates his Fifth Amendment rights to substantive due process, procedural due process, and equal protection. *Id.* at 8-15. He also alleges his detention after prolonged non-enforcement constitutes arbitrary and capricious government action. *Id.* at 15-17.

Petitioner requests "immediate release" "subject to reasonable conditions of supervision" or "an individualized hearing before a neutral decision-maker within seven (7) days." *Id.* at 18. He also requests an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA").[3] *Id.* at 19.[4]

## III. <u>Standard of Review</u>

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

---

[3] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

[4] Petitioner also seeks a "temporary restraining order restraining Respondents from removing [him] during the pendency of this Petition" and a "stay of removal proceedings pending resolution of this Petition." Pet. at 19. Petitioner neither adequately develops arguments to support this injunctive relief nor filed a separate motion for such relief. In any event, adoption of this Report and Recommendation would moot these requests.

## IV. Analysis[5]

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges his continued detention under § 1225(b)(2) is unlawful. Pet. at 7-8. He further alleges § 1226(a) governs the detention of noncitizens like him who were taken into ICE custody years after entering the United States and "far from any border or port of entry." Pet. at 8. Respondents contend Petitioner is properly detained under

[5] Petitioner claims he was not required to exhaust administrative remedies before filing the Petition. Pet. at 17-18. Respondents do not dispute Petitioner's assertion. The undersigned agrees that Petitioner was not required to exhaust before filing the Petition. *See Soberanes*, 388 F.3d at 1310 (holding exhaustion requirements do not apply to challenges to immigration detention brought in habeas proceedings).

§ 1225(b)(2)(A) and argued in their Motion to Dismiss that he was "entitled to no further remedy from this Court" because he withdrew his request for a bond hearing. Mot. at 1, 4. In supplemental briefing, Respondents had a change of heart and now do not contest Petitioner's entitlement to a substantive bond hearing or, by extension, application of § 1226(a) to govern his current detention. Doc. 19 at 1-2 (stating Respondents "would have no intent to oppose" Petitioner's "new custody redetermination request").

The Tenth Circuit recently applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). The Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent, Respondents' acknowledgment that Petitioner is entitled to a bond hearing, and this Court's prior reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026), the Court should apply § 1226(a) to govern Petitioner's current detention. *See Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[6]

---

[6] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guadian*, 190 F.4th 305, 334-

**B. The proper remedy is a bond hearing.**

Petitioner seeks "immediate release from custody" or "an individualized hearing before a neutral decision-maker." Pet. at 18. The undersigned concludes a bond hearing before an IJ is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Imami*, 2026 WL 1896142, at *2 (concluding "the appropriate remedy" is for "Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting at any bond hearing before an IJ. *See, e.g.*, *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a

---

35 (4th Cir. 2026); *Buele Morocho v. Warden, Phila. FDC*, 189 F.4th 287, 304 (3d Cir. 2026); *Guerrero Orellana v. Moniz*, 188 F.4th 1, 20-21 (1st Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The Supreme Court has granted certiorari on this issue. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub. nom. Rhoney v. Barbosa da Cunha*, --- S. Ct. ----, 2026 WL 2942994 (Mem) (Oct. 1, 2026).

neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[7]

**C. The Court should decline to address Petitioner's due process claim.**

Petitioner also argues his continued detention without a bond hearing violates his Fifth Amendment rights to due process and equal protection. Pet. at 8-17. If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the Court need not decide the merits of his due process claim based on continued detention. *See, e.g.*, *Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing under § 1226(a)).

## V. <u>Recommendation and Notice of Right to Object</u>

For these reasons, the undersigned recommends that the Court **DENY** Respondents' Motion to Dismiss, Doc. 14, and **GRANT in part** the Petition, Doc. 1, for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release him if he has not received a lawful bond hearing within that period. **The parties shall immediately advise the Court (1) if Petitioner has**

[7] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

**a bond hearing before an IJ and (2) of any other material update that could affect disposition of the Petition.**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 6, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of October, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE