**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

ARMANDO DONOSO COLMENERO, )
)
Petitioner, )
)
v. ) Case No. CIV-26-2339-J
)
WARDEN of the Diamondback )
Correctional Facility, et al., )
)
Respondents. )

**ORDER**

Petitioner Armando Donoso Colmenero, a citizen of Mexico, entered the United States approximately twenty-seven years ago. In July 2026, he was detained by Immigration and Customs Enforcement (ICE) and placed into removal proceedings. Petitioner has filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 challenging that detention. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Stephens issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within seven days or otherwise release him. (Rep. & Rec.) [Doc. No. 21]. Both parties filed timely objections [Doc. Nos. 22–23], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

**I. Report & Recommendation**

In relevant part, Judge Stephens concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, his continued detention without a bond hearing violates the Immigration and Nationality Act (INA). *See* Rep. & Rec. at 5–6. Additionally, Judge Stephens

concluded that the proper remedy is a bond hearing before an Immigration Judge and that the Court should decline to address Petitioner's due process claim. *Id.* at 7–8.

## II. **Analysis**

Turning first to Respondents objection, Respondents object to the § 1226(a) classification but acknowledge that *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) "compels a different outcome." [Doc. No. 22]. In *Santillan Quiroz*, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Accordingly, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the INA.[1]

Although Petitioner has previously sought a bond hearing as a remedy, *see* [Doc. No. 1 at 18; Doc. No. 20 at 10], he now objects to that remedy, arguing that it would be inadequate because he is entitled to release "for two independent reasons." [Doc. No. 23 at 1]. First, he argues the government never obtained or produced a warrant for his arrest as required by 8 U.S.C. § 1226(a). *Id.* at 2–6. The Court notes, however, that Petitioner failed to challenge the absence of a warrant in any prior filing. *See* [Doc. Nos. 1, 17, 20]. He therefore deprived Respondents of the opportunity to address the argument and failed to adequately present it to Judge Stephens. The Court therefore declines to consider it because "[i]n this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *see also Bello v. Mullin*, No. CIV-26-1542-R, 2026 WL 2667459,

[1] Based on this conclusion, the Court ADOPTS Judge Stephens' recommendation that the Court should decline to address Petitioner's due process claim. Rep. & Rec. at 8.

at *1 (W.D. Okla. Sept. 10, 2026) (finding Petitioner waived the argument regarding the purported lack of an arrest warrant); *Mesa Acosta v. Warden, Diamondback Corr. Facility*, No. CIV-26-1760-D, 2026 WL 2943947, at *1–2 (W.D. Okla. Sept. 30, 2026).

Second, Petitioner seeks release because: (a) he has faced "more than 115 days of detention without any substantive determination that [he] presents a flight risk or danger;" (b) "Respondents have never made [a] showing in any forum" that Petitioner's detention is justified; and (c) "[n]o Immigration Judge has found on the merits that Petitioner presents a flight risk or danger to the community." [Doc. No. 23 at 2, 7–9]. As support, Petitioner reiterates that his lack of criminal convictions, lengthy residence in the United States, family relationships, and employment history are important considerations. *Id.* at 2, 8–9. On review, the Court concludes that a bond hearing under 8 U.S.C. § 1226(a) will provide Petitioner the opportunity to seek a determination of these issues. Thus, Petitioner has not established that release is warranted.[2]

Finally, to the extent the Court orders a bond hearing, Petitioner argues that Respondents should bear the burden of establishing, by clear and convincing evidence, that Petitioner presents a flight risk or danger to the community. *Id.* at 10. But the Court agrees with Judge Stephens that "Judges in this District . . . have consistently declined to order burden shifting at any bond hearing before" an Immigration Judge. *Id.* at 7. Consistent with that approach, the Court declines to order

---

[2] Petitioner's assertion that "Courts in this District have ordered release in comparable circumstances" is unfounded. [Doc. No. 23 at 8]. The cases he cites are examples in which release was warranted because Respondents improperly revoked a previously authorized release based on an Immigration Judge's determination at a bond hearing. As Petitioner notes, however, no such determination has been made in his case as he has "resided continuously" in the United States for twenty-seven years "without ever being apprehended, detained, or placed in removal proceedings." *Id.* Thus, Petitioner's authorities are not comparable.

burden shifting here. *See, e.g.*, *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026).[3]

**III. <u>Conclusion</u>**

For the reasons above, the Report and Recommendation [Doc. No. 21] is ADOPTED. Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is GRANTED IN PART in so far as it alleges Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 12th day of November, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

[3] The Court similarly declines to impose Petitioner's remaining conditions. *See* [Doc. No. 23 at 10–11].